```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-23620-CIV-UNGARO
                              MAGISTRATE JUDGE P. A. WHITE
```

DAVID BROWN,                         :

     Plaintiff,                    :

v.                                   :     <u>REPORT OF</u>
                                               <u>MAGISTRATE JUDGE</u>
HARVEY RUVIN, CLERK OF COURT,        :

     Defendant.                    :
_____  :

## I.  <u>Introduction</u>

The plaintiff David Brown, currently housed at the Everglades Correctional Institution, has filed a <u>pro se</u> civil rights complaint for damages pursuant to 42 U.S.C §1983. [DE# 1]. He is proceeding <u>in forma pauperis</u>. (DE#2)

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II.  <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

      Sec. 1915 Proceedings in Forma Pauperis

                    *  *  *

      (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>     the court shall dismiss the case at any time
>     if the court determines that –
>
>              *   *   *
>
>     (B) the action or appeal –
>
>              *   *   *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the

plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). <u>Twombly</u> applies to §1983 prisoner actions. See <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. <u>Id.</u> This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered

3

conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names Harvey Ruvin, Clerk of Court for the Eleventh Judicial Circuit as the sole defendant, and is seeking monetary damages.

The plaintiff claims that on April 9, 2009, he filed a civil Tort Claim for legal malpractice against his attorney. He mailed the complaint to the Clerk of Court, along with his inmate bank statement, and was assigned a case number. He states that he did not receive a notice from the Clerk informing him whether he could proceed in forma pauperis, and he is thereby denied meaningful access to the Court.

Clerk Ruvin is immune from a suit for damages. Clerks of Court are entitled to qualified immunity from liability if they were acting pursuant to their lawful authority and following in good faith the instructions or rules of the Court and were not in derogation of these instructions or rules. Henriksen v. Bentley, 644 F.2d 852, 854-56 (10 Cir. 1981); McLallen v. Henderson, 492 F.2d 1298 (8 Cir. 1974); McCray v. Maryland, 456 F.2d 1, 3-5 (4 Cir. 1972).

The Courts have generally held that deliberate indifference rather than negligence is required for the imposition of liability in suits for damages involving clerical liability. Kincaid v. Vail, 969 F.2d 594, 602, n. 10 (7 Cir. 1992) (§1983 action against state court clerks alleging that, by refusing to file inmates' complaint, clerks had deprived them of their constitutional right of access to

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

4

the courts); Crawford-El v. Britton, 951 F.2d 1314, 1328 (D.C. Cir. 1991) (intentional interference with access to court violates constitution). The plaintiff claims that his fiancee called the defendant, who stated that the "complaint was just sitting there because the plaintiff was not proceeding with the action". The plaintiff states this is an error, and because Ruvin refuses to correct this mistake, he is acting outside his ministerial duties, and should not be granted immunity.

The plaintiff's claim against Clerk Ruvin appears to be premature. The plaintiff makes conclusory allegations that people called Ruvin to inquire about his case. Instead of phone calls, the plaintiff was assigned Case No. 09-33466CA 06, and should file a motion to compel a ruling on his motion to proceed in forma pauperis in that case. The case was presumably assigned a Judge and the motion should be ruled upon by the Judge assigned to his case. If further attempts to proceed in forma pauperis are blocked by the Clerk of Court, the plaintiff may re-file his complaint.

### III. Recommendation

Based on the foregoing, it is recommended that the Complaint be dismissed without prejudice, as prematurely filed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 29th day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:  David Brown, Pro Se
     No. 046100
     Everglades CI
     Address of record
```